IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SHAWN LEE BYRD,

Plaintiff, CIVIL ACTION FILE NO.

vs.

CITY OF DETROIT, DETROIT POLICE DEPARTMENT,

and JOHN DOE POLICE OFFICER,

Defendants.

_______________________________________________/

Larry R. Polk (P-48164)
Law Office of Larry R. Polk
500 Griswold, Ste. 2340
Detroit, Michigan 48226
Office: (313) 965-6633
Fax: (313) 965-9858
Email: lpolk14405@aol.com

_______________________________________________/

# COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, SHAWN LEE BYRD, by and through his attorney, Larry R. Polk and hereby files this Complaint against Defendants, City of Detroit, and Detroit Police Department and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 because this action arises under federal civil rights law.

2. Venue is proper under 28 U.S.C. § 1391 because the events occurred in the City of Detroit, Michigan.

## PARTIES

3. Plaintiff is a resident of Michigan and the lawful owner of the dog killed by Defendants.

4. Defendant City of Detroit is a municipal corporation responsible for DPD's policies, customs, and training.

5. Defendants John Doe Officers 1–**2** are DPD officers are sworn law-enforcement officers and acting under color of state law.

## FACTUAL ALLEGATIONS

6. This civil rights action arises from the unlawful shooting and killing of Plaintiff's dog by Detroit Police Department ("DPD") officers responding to a domestic-incident call at Plaintiff's Detroit residence.

7. The dog was non-aggressive, not charging, not threatening, and posed no safety risk to officers or anyone else.

8. Without warning or justification, officers shot and killed the dog, constituting an unreasonable seizure and excessive force under the Fourth Amendment, actionable under 42 U.S.C. § 1983.

9. Federal courts — including the Eastern District of Michigan — have repeatedly held that shooting a non-threatening dog violates clearly established constitutional rights.

10. Plaintiff also brings Monell claims against the City of Detroit for maintaining unconstitutional customs, failing to train officers on safe dog-handling practices, and tolerating a longstanding pattern of unjustified dog shootings.

11. Plaintiff further asserts supplemental state-law claims for intentional infliction of emotional distress, gross negligence, and conversion.

12. On or about November 23 2024, DPD officers responded to a domestic-incident call at Plaintiff's Detroit home.

13. Plaintiff's dog was on the property, calm, non-aggressive, and not posing any threat.

14. Plaintiff's dog was on the property, non-threatening, and posed no imminent danger to officers.

15. Officers had no reasonable fear for their safety or the safety of others.

16. Without warning, provocation, or any legitimate justification, officers shot and killed the dog.

17. Plaintiff witnessed or immediately learned of the killing, causing severe emotional trauma.

18. Officers had ample time to use non-lethal alternatives, including retreating, closing a gate, using verbal commands, or waiting for animal control.

19. The City of Detroit has a documented history of dog shootings by DPD officers, including multiple federal lawsuits alleging unconstitutional use of force against companion animals.

20. Despite this history, the City failed to implement adequate training, supervision, or discipline.

21. The officers' actions were consistent with Detroit's unconstitutional customs and practices regarding the handling of dogs during police calls.

22. Defendant City maintained customs or policies permitting or encouraging unnecessary killing of dogs, consistent with patterns identified in other Detroit-area cases.

**COUNT I – 42 U.S.C. § 1983**

**FOURTH AMENDMENT – UNREASONABLE SEIZURE (DOG SHOOTING)**

23. Plaintiff incorporates all prior paragraphs.

24. In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourteenth Amendments to the Constitution of the United States including, but not limited to:

a) the right to be free from unreasonable searches and seizures;

b) the right not to be deprived of liberty without due process of law;

c) the right not to be deprived of property without due process of law;

d) the right to be free from excessive use of force by persons acting under color of state law;

e) the right to be free from false arrest; and

f) the right to just compensation for taking of property.

25. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, seizure of Plaintiff's property.

26. As a direct and proximate result of the violation of their constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

27. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

28. Killing a companion animal constitutes a **seizure** under the Fourth Amendment.

29. Defendants' use of deadly force against Plaintiff's dog was objectively unreasonable.

30. Defendants' actions were objectively unreasonable and violated clearly established law.

**COUNT II – 42 U.S.C. § 1983**

**FOURTH AMENDMENT – EXCESSIVE FORCE**

31. Plaintiff incorporates all prior paragraphs.

32. ,In committing the acts complained of herein, Defendants acted under color of state law to deprive Plaintiff of certain constitutionally protected rights under the Fourt Amendment to the Constitution of the United States including, but not limited to:

a) the right to be free from unreasonable searches and seizures;

b) the right not to be deprived of liberty without due process of law;

c) the right not to be deprived of property without due process of law;

d) the right to be free from excessive use of force by persons acting under color of state law;

e) the right to be free from false arrest; and

f) the right to just compensation for taking of property.

33. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unauthorized, seizure of Plaintiff's property.

34. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C §1983.

35. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

36. Defendants used deadly force without imminent threat, violating clearly stablished law.

37. Defendants used deadly force without threat, justification, or necessity.

38. Reasonable officers would have known that shooting a non-threatening dog is unconstitutional.

**COUNT III – 42 U.S.C. § 1983**

**MONELL LIABILITY (CITY OF DETROIT)**

39. Plaintiff incorporates all prior paragraphs.

40. Defendant City maintained policies, customs, or failure-to-train practices that caused the constitutional violations.

41. The Sixth Circuit has recognized municipal liability in dog-shooting cases where officers act pursuant to unconstitutional customs.

42. Defendant City maintained customs, policies, or failures to train that caused the constitutional violations.

43. Detroit has been sued repeatedly for unjustified dog shootings, demonstrating deliberate indifference.

44. The City failed to train officers on:

(a) safe dog-handling techniques,
(b) de-escalation involving animals, and/or
(c)constitutional limits on force against animals.

45. The City's failure to act despite known risks constitutes deliberate indifference.

**COUNT IV –**

**SUPERVISORY LIABILITY (42 U.S.C. § 1983)**

46. Plaintiff incorporates all prior paragraphs.

47. Supervisors within DPD knew or should have known of the pattern of dog shootings.

48. They failed to train, supervise, or discipline officers, directly contributing to the violation of Plaintiff's rights.

**COUNT V-**

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**

**(Deprivation of Property Without Due Process of Law)**

49. Plaintiff incorporates all prior paragraphs.

50. Defendants in concert at the scene, intentionally violated the civil rights of the Plaintiff by his malicious and wanton disregard for Plaintiffs' property rights.

51. The killing of the dog amounted to the deprivation of property in violation of the Fourteenth Amendment.

52. Specifically, the conduct of Defendants included the unnecessary and unprovoked shooting of the beloved family pet.

53. The dog was the animal companion of Plaintiff since its birth and provided solace, affection, friendship, and love for the period of his life, up until the time of the date of his death.

54. As a companion in all those respects, the dog maintained a special relationship with Plaintiff, situationally and emotionally similar to that of a human family member or relation.

55. By causing the death of dog, within several feet of the Plaintiff, while the Plaintiff was pleading for the animal's life and consistently advising Defendants of the gentle nature of dog.

56. Defendants actually and proximately inflicted an outrageous violation of constitutional rights upon the Plaintiff, for which Defendants are liable and Plaintiff seek damages therefor.

57. Defendants, either with the specific intent to violate the Plaintiff's civil rights or with a reckless disregard of the probability of causing that violation, shot and killed Plaintiff's beloved pet, without just provocation in front of his owners, the Plaintiff herein.

58. The manner in which the Officer shot the dog was so extreme and outrageous that it went beyond the bounds of decency.

59. It would be considered atrocious and utterly intolerable in a civilized community.

60. The killing of family dog in such a merciless fashion caused severe emotional distress to the Plaintiff, and Plaintiff is entitled to compensatory and punitive damages therefor.

## COUNT-VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (STATE LAW)

61. Plaintiff incorporates all prior paragraphs.

62. At all times material Defendants were at all times relevant acting within the scope of their employment.

63. Defendant were on duty and all acts which resulted in harm to Plaintiff were a natural consequence of the performance of their duties as a law enforcement officer.

64. The act of shooting Plaintiff's dog was forcible and was committed with the intent to cause serious bodily injury.

65. Defendants caused serious physical injury and death to Plaintiff's dog by shooting multiply times.

66. Plaintiff's dog was on a chain or leash, and not presenting any danger to Defendants or others justifying the wrongful and avoidable taking of his life..

67. Plaintiff suffered a loss of companionship, depression, anger, sadness and severe emotional trauma.

68. Defendants' conduct was extreme, outrageous, and intended—or recklessly certain—to cause emotional harm.

**COUNT VII – GROSS NEGLIGENCE (STATE LAW)**

69. Plaintiff incorporates all prior paragraphs.

70. Plaintiff begged the officers not to shoot the dog, and advised officers that the dog could not get out of the gate.

71. Plaintiff repeatedly told the officers present to the dog was inside the gate. This is confirmed by the police video, which clearly reveals Plaintiff advising the officers.

72. Additionally, it is confirmed by the police video that Plaintiff told the officers that the dog was not violent and would not harm the officers.

73. Plaintiff's family dog posed no danger or safety concerns to the Officer(s).

74. At this point, Officer John Doe shot the dog without provocation.

75. While only a few feet away from his dog, Officer John Doe shot the dog and killed him.

76. Defendants acted with reckless disregard for Plaintiff's rights and property.

77. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

78. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein

**COUNT VIII – CONVERSION (STATE LAW)**

79. Plaintiff incorporates all prior paragraphs.

80. Defendants acted intentionally or in reckless disregard of probable consequences in the exercise of dominion or control over Plaintiff's personal property, to wit, his dog as described.

81. In concert with the other Defendants at the scene, Officer John Doe unjustifiably shot and killed the Plaintiff's dog.

82. The manner in which Defendants, specifically Officer John Doe, exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff's rights as property owners to enjoy and/or control his personalty.

83. As a direct and proximate result of one or more of Defendants' acts of conversion and the injuries resulting from those acts, Plaintiff lost the intrinsic value of their property and suffered economic and non-economic damages.

84. Killing Plaintiff's dog constituted wrongful destruction of personal property.

85. Defendants acted with reckless disregard for Plaintiff's rights and property.

WHEREFORE, Plaintiff, SHAWN LEE BYRD, respectfully requests this Honorable Court grant the following relief against all Defendants:

A. Compensatory damages (emotional distress, value of dog, loss of companionship);

B. Punitive damages against individual officers;

C. Attorney fees under 42 U.S.C. § 1988;

D. Costs and interest; and

E. Any other relief the Court deems just

Respectfully submitted,

By:*/s/Larry R. Polk*
LARRY R. POLK (P48164)
Attorney for Plaintiff

500 Griswold, Suite 2340
Detroit, Michigan 48226
(313) 965-6633
Email: lpolk14405@aol.com

Dated: April 27, 2026

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SHAWN LEE BYRD,

Plaintiff, CIVIL ACTION FILE NO.

vs.

CITY OF DETROIT, DETROIT POLICE DEPARTMENT,

and JOHN DOE POLICE OFFICER,

Defendants.

_______________________________________________________________/

Larry R. Polk (P-48164)
Law Office of Larry R. Polk
500 Griswold, Ste. 2340
Detroit, Michigan 48226
Office: (313) 965-6633
Fax: (313) 965-9858
Email: lpolk14405@aol.com

_______________________________________________________________________/A

**DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, SHAWN LEE BYRD, by and through his attorney, Larry R. Polk, hereby request a trial by jury of all issues so triable in the above action.

Respectfully Submitted,

By:/*s/Larry R. Polk*________________

LARRY R. POLK (P48164)
Attorney for Plaintiff
500 Griswold, Suite 2340
Detroit, Michigan 48226
(313) 965-6633
Email: lpolk14405@aol.com

Dated: April 27, 2026